UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE E. BALDINGER<br><br>v.<br><br>MATTEO PATISSO, et al.<br><br>Defendant. | Civil Action No.10-cv-3122<br><br>MEMORANDUM AND ORDER |

Before the Court are four motions filed by Defendant, Matteo Patisso (Patisso). Each of these motions is addressed below.

1. Defendant Patisso seeks to disqualify Howard Teichman from representing Bruce Baldinger, Esquire (Baldinger). More specifically, Patisso argues that Mr. Teichman does not have a legal office established in New Jersey in violation of the Rules of Professional Conduct 5.5 and other professional conduct issues.

Apparently Mr. Teichman practices law with Plaintiff Baldinger at Baldinger's office in Morristown, New Jersey. As such, Patisso's argument does not have merit. The motion to disqualify is denied.

2. Patisso moves to strike the pleadings by Mr. Teichman because Mr. Teichman failed to file a notice of appearance. However, Mr. Teichman has entered his appearance by filing pleadings in this case and appearing at hearings. As such, Patisso's motion to strike the pleadings is unreasonable and is denied.

3. On September 26, 2011, Patisso filed another motion to strike pleadings and to seek an "emergency referral to Chief Justice Rabner of the New Jersey Supreme Court for emergency action" allegedly because Baldinger and Teichman "were charged with crimes". It appears that Patisso refers to a New York case where Teichman allegedly committed "perjury" by lying to a court. Although Patisso notified that Court of the alleged perjury, no action against Mr. Teichman was undertaken. Therefore, Patisso's motion to strike pleadings and to seek emergency referral to Chief Judge Rabner is denied.

4. Patisso requests by way of a motion that I reconsider my decision not vacate default judgment against the National Fraud Constable. Patisso relies upon the same arguments set forth in paragraph 1 above. Since motions to reconsider are only granted sparingly and the argument is specious, it is denied. *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)).

IT IS on this 8th day of December, 2011;

ORDERED:

1. Patisso's motion to Disqualify Counsel Howard Teichman as Counsel for Bruce Baldinger (docket entry 127) is denied;

2. Patisso's Cross Motion Strike Answer to Complaint, Counterclaim (docket entry 154) is denied;

3. Patisso's motion to strike and emergency referral to Chief Justice Stuart Rabner for Emergent Action (docket entry 157) is denied; and

3.      On September 26, 2011, Patisso filed another motion to strike pleadings and to seek an "emergency referral to Chief Justice Rabner of the New Jersey Supreme Court for emergency action" allegedly because Baldinger and Teichman "were charged with crimes". It appears that Patisso refers to a New York case where Teichman allegedly committed "perjury" by lying to a court. Although Patisso notified that Court of the alleged perjury, no action against Mr. Teichman was undertaken. Therefore, Patisso's motion to strike pleadings and to seek emergency referral to Chief Judge Rabner is denied.

4.      Patisso requests by way of a motion that I reconsider my decision not vacate default judgment against the National Fraud Constable. Patisso relies upon the same arguments set forth in paragraph 1 above. Since motions to reconsider are only granted sparingly and the argument is specious, it is denied. *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)).

IT IS on this 8th day of December, 2011;

ORDERED:

1.      Patisso's motion to Disqualify Counsel Howard Teichman as Counsel for Bruce Baldinger (docket entry 127) is denied;

2.      Patisso's Cross Motion Strike Answer to Complaint, Counterclaim (docket entry 154) is denied;

3.      Patisso's motion to strike and emergency referral to Chief Justice Stuart Rabner for Emergent Action (docket entry 157) is denied; and

4. Motion for Reconsideration to Vacate Default against National Fraud Constable (docket entry 143) is denied.

12-8-11

PETER G. SHERIDAN, U.S.D.J.