<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **BRUCE E. BALDINGER,** | : | **Civil Action No.: 10-3122 (PGS)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| **ANTONIO FERRI, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

<u>**ARPERT, U.S.M.J**</u>

**I.       INTRODUCTION**

This matter comes before the Court on separate Motions by Plaintiff Bruce E. Baldinger ("Plaintiff") (1) to strike *pro se* Defendant Matteo Patisso's ("Defendant Patisso") Answer and to impose sanctions based on Defendant Patisso's failure to provide initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) [dkt. entry no. 147] and (2) to strike Defendant Patisso's Answer and impose sanctions based on Defendant Patisso's failure to respond to Plaintiff's interrogatories and notice to produce documents [dkt. entry no. 156]. Defendant Patisso filed a series of motions that preceded and were in response to Plaintiff's Motions (*see* dkt. entry nos. 127, 143, 154-155, 157 & 162), all of which have been denied by the Court (*see* dkt. entry no. 164) with the exception of Defendant Patisso's request for leave to amend his Answer to include certain additional Affirmative Defenses (*see* dkt. entry no. 155) and Defendant Patisso's application for appointment of *pro bono* counsel (*see* dkt. entry no. 170). For the reasons stated below, Plaintiff's Motions to strike Defendant Patisso's Answer are **GRANTED**, the Clerk of the Court shall enter default against Defendant Patisso, and Plaintiff is **GRANTED** leave to move for the entry of Judgment by Default – including

an application for attorneys' fees and costs – within fifteen (15) days.  Defendant Patisso's request

for leave to file an Amended Answer is **DENIED**.  Defendant Patisso's application for appointment

of *pro bono* counsel has been addressed in a separate Order.  *See* dkt. entry no. 175.

## II.    BACKGROUND

On June 18, 2010, Plaintiff filed a Complaint against Defendants Antonio Ferri ("Ferri"),

Matteo Patisso, and National Fraud Constable ("NFC") (collectively, "Defendants") alleging

"defamation *per se*", "invasion of privacy", "false light", "defamation", "trade libel", "tortious

interference with business and economic advantage", and "intentional and/or negligent infliction of

emotional distress".  *See* Pl.'s Comp., dkt. entry no. 1 at 1-9.  Plaintiff, maintaining that he is "an

attorney...[in good standing who has been] practicing in the State of New Jersey for approximately

26 years...[and has been] a member of the New York Bar for the same period of time", notes that he

was retained to defend a civil collection action filed by Ferri in the United States District Court for

the Eastern District of New York against JMB Group, LLC ("JMB") and associated individuals

based on an alleged loan default ("EDNY Action").  *Id*. at 2-3.  Plaintiff alleges that Ferri "advanced

a loan to JMB" which "was brokered by...[Defendant Patisso] and his company Liquid Brick".  *Id*.

at 2.  Plaintiff contends that "[b]oth before and after commencing the...[EDNY Action]", "[Ferri and

Defendant Patisso engaged in a] campaign of smear tactics by posting knowingly false information

on the internet and in mailings related to Plaintiff's clients" and "expanded their smear campaign

to include Plaintiff himself" after "Plaintiff began representing...[JMB and associated individuals]

in the...[EDNY Action]".  *Id*. at 3.  More specifically, Plaintiff alleges that Ferri and Defendant

Patisso "posted and mailed to third parties material relating to Plaintiff which, in addition to being

false, contained information which was private and personal to Plaintiff" and was "placed in venues

in which Plaintiff's family, clients and...his children...[could] access [same] when Plaintiff's name is searched". *Id*. Despite the entry of "[C]onsent [O]rders signed by...[Plaintiff, Ferri, and Defendant Patisso] and entered by the Court in the Eastern District of New York" whereby Ferri and Defendant Patisso "each agreed...[to refrain] from making any derogatory comments about the defendants in the...[EDNY Action] [as] well as...[Plaintiff]", Plaintiff contends that Ferri and Defendant Patisso "began to post statements on the internet" and "to send out mailings which both defamed Plaintiff and disclosed personal...[information]" including "Plaintiff's personal financial and marital status". *Id*. at 3-4.

On July 26, 2010, the Clerk of the Court entered default as to Defendant Patisso and NFC and, on September 9, 2010, default Judgment was entered against Defendant Patisso and NFC. *See* dkt. entry no. 21. On November 16, 2010, the Court executed and entered a Stipulation dismissing Plaintiff's claims against Ferri. *See* dkt. entry no. 38. On February 28, 2011, the Court entered an Order vacating the default Judgment against Defendant Patisso and extending Defendant Patisso's time to answer for two (2) weeks. *See* dkt. entry no. 53. On March 21, 2011, Defendant Patisso filed an Answer and Affirmative Defenses together with Counterclaims which the Court deemly timely. *See* dkt. entry nos. 72 & 76. On May 12, 2011, following a status conference with Plaintiff's counsel and Defendant Patisso, the Court entered a Pretrial Scheduling Order requiring Rule 26 disclosures to be exchanged by May 27, 2011, responses to interrogatories to be served by July 25, 2011, and fact discovery to be completed by October 31, 2011. *See* dkt. entry no. 91. On July 28, 2011, the Court granted Plaintiff's motion to dismiss Defendant Patisso's Counterclaims. *See* dkt. entry no. 124. Based upon a telephone status conference with counsel for Plaintiff and Defendant Patisso, the Court entered an amended Scheduling Order on August 11, 2011 extending Defendant Patisso's time

3

to comply with the Rule 26 disclosure requirements to August 18, 2011 and extending Defendant Patisso's time to respond to Plaintiff's outstanding discovery requests to September 15, 2011. *See* dkt. entry no. 130. On August 26, 2011, the Court entered an Order clarifying that the deadlines for Defendant Patisso to comply with Rule 26 and to provide his discovery responses, as set forth in the Court's August 11, 2011 Order, should be construed as an Order to compel production. *See* dkt. entry no. 146. Plaintiff filed the instant Motions to strike Defendant Patisso's pleadings on August 30, 2011 and September 16, 2011, respectively, based upon Defendant Patisso's "continuing failure...to provide mandatory initial disclosures pursuant to FED. R. CIV. P. 26(a)(1)" (Pl.'s Br., dkt. entry no. 147-1 at 1) and "continuing failure...to provide responses to Plaintiff's interrogatories and notice to produce documents" (Pl.'s Br., dkt. entry no. 156-1 at 1).

  Initially, Plaintiff notes that presently, the only "active" defendant in this case is Defendant Patisso and the only "active" pleading filed is Defendant Patisso's Answer with no pending Counterclaims. *See* Pl.'s Br., dkt. entry no. 147-1 at 2. With respect to Plaintiff's Motion to strike Defendant Patisso's Answer and impose sanctions based on Defendant Patisso's failure to provide initial disclosures pursuant to FED. R. CIV. P. 26(a)(1), Plaintiff maintains that despite the fact that he "provided...[his] initial disclosures to Defendant [Patisso] on May 27, 2011", and despite diligent efforts by Plaintiff and multiple Court Orders compelling Defendant Patisso to produce same, to date Defendant Patisso has not provided all of the information required under Rule 26(a)(1). *Id*. at 2-3. Specifically, Plaintiff contends that Defendant Patisso "has not...[at any time] served the disclosures required by Rule 26(a)(1)(A)(i) or (iv)". *See* Pl.'s Letter dated December 20, 2011, dkt. entry no. 165 at 2. Citing FED. R. CIV. P. 37, Plaintiff argues that based upon the facts outlined above and the fact that Defendant Patisso's "failure to provide...initial disclosures has been willful[,] ...deliberate[,]

and made with...full knowledge and understanding of...[his] obligation to provide [this] information", "the appropriate course of action" is for the Court to strike Defendant Patisso's Answer and to impose counsel fees "incurred by Plaintiff in making this motion". *See* Pl.'s Br., dkt. entry no. 147-1 at 3-4.  Plaintiff further claims that sanctions are justified based upon the fact that Defendant Patisso continues "to send derogatory information regarding...Plaintiff to third parties", continues to send "harassing and taunting communications to Plaintiff's office", and sent a "Warrant for Arrest" to Plaintiff's office by email and to Plaintiff's residential address which was "fictitious as it has not been entered by any Court". *Id*. at 4-5.

With respect to Plaintiff's Motion to strike Defendant Patisso's Answer and impose sanctions based on Defendant Patisso's failure to respond to Plaintiff's interrogatories and notice to produce documents, Plaintiff maintains that despite the fact that he "is not delinquent in providing any responses to discovery due to Defendant Patisso", and despite the fact that Defendant Patisso has "refused to respond" to "written discovery requests" that were served on June 25, 2010 and was subsequently compelled by to produce responses to Plaintiff's newly served written discovery requests by September 15, 2011, to date Defendant Patisso has not provided all of the information required in response to Plaintiff's interrogatories and notice to produce. *See* Pl.'s Br., dkt. entry no. 156-1 at 1-3.  Specifically, Plaintiff contends that Defendant Patisso "has not served answers to interrogatories at any time" and has only produced "two (2) documents". *See* Pl.'s Letter dated December 20, 2011, dkt. entry no. 165 at 2.  Prior to September 16, 2011, Plaintiff maintains that Defendant Patisso produced "a self-created document that simply repeats...[his] defamatory allegations against...Plaintiff and others" and "a computer file that could not be opened...and was sent only in electronic form". *Id*.; *see also* Pl.'s Br., dkt. entry no. 156-1 at 4.  Since September 16,

5

2011, Plaintiff maintains that Defendant Patisso produced "several emails to which were attached approximately 40 documents" – "a large majority of these documents do not...mention Plaintiff or pertain to him in any way", although "five (5) of the documents do pertain to...[Plaintiff]" including "an ethics complaint sent by...[Defendant] Patisso to authorities in New York", "a letter from New York authorities regarding that complaint", "a letter from Defendant Patisso to the Magistrate Judge in the...[EDNY Action]", and "two documents which were apparently sent by Defendant Patisso to various persons and repeat his various defamatory allegations against...[Plaintiff]". *Id.* Plaintiff contends that Defendant Patisso's production falls "far short of a complete response" to Plaintiff's notice to produce as it fails to include, among other things, "all statements regarding...Plaintiff that have ever been sent to any person, published or posted on the internet by any [d]efendant", "all documents identifying how, when and...[to] whom or in what location each statement regarding Plaintiff was published or posted", "a list of persons to whom...[Defendant Patisso] sent any statements or comments regarding Plaintiff", or "copies of all documents that justify any defendant's statement regarding...Plaintiff". *Id.* at 2-3; *see also* Pl.'s Br., dkt. entry no. 156-1 at 4-5; Pl.'s Br., dkt. entry no. 156-3 at Ex. D. Citing FED. R. CIV. P. 37, Plaintiff argues that based upon the facts outlined above and the fact that Defendant Patisso's failure to provide discovery has been willful, deliberate and made with full knowledge and understanding of his obligation to provide this information, "the appropriate course of action" is for the Court to strike Defendant Patisso's Answer and to impose counsel fees "incurred by Plaintiff in making this motion". *See* Pl.'s Br., dkt. entry no. 156-1 at 5.

Defendant Patisso filed a letter dated January 9, 2012 in which he states that despite reading Plaintiff's motion papers numerous times, he "cannot completely understand the gist of Plaintiff's

allegations". *See* Def. Patisso's Letter dated January 9, 2012, dkt. entry no. 168 at 1.  Defendant Patisso notes that he has "no background whatsoever in the law", that he has "three years of college but no degree", and that he is "not *pro se* because [he] wish[es] to be...but because [he] can no longer afford an attorney". *Id.*  After providing a brief history of the EDNY Action and this case, Defendant Patisso notes that he has spent "the last 10 months...attempt[ing] to teach...[himself] the (1) Federal Rules of Civil Procedure[,] (2) the Local Rules of the District Court of New Jersey[,] (3) the [Local Rules of the] District Court of Eastern New York[,] [(4)] the statues and rules of the civil courts...of...New Jersey[,] ...[and (5) the statues and rules of the civil courts...of] New York" and maintains that it now seems he will be forced "to attain at least a rudimentary understanding of rules of appellate practice in both the (6) Third and (7) Second Circuit courts". *Id.* at 1-3.  Defendant Patisso claims that he is "distracted from the instant case in learning the rules in all [of] these venues and in seeking to establish a means of supporting [himself]" and that he is "overwhelmed by the complexity of...[Plaintiff's] multiple filing[s] in multiple fora". *Id.* at 2-3.  With respect to Plaintiff's pending Motions, Defendant Patisso cites New Jersey Rule of Court 4:50-1, *Marder v. Realty Constr. Co.*, 84 N.J. Super. 313, 319 (N.J. Sup. Ct. App. Div. 1964), *aff'd*, 43 N.J. 508 (N.J. 1964), *Mancini v. Eds ex rel. N.J. Auto Full Ins. Underwriting Ass'n*, 132 N.J. 330 335 (N.J. 1993), and *First Morris Bank and Trust v. Roland Offset Service, Inc.*, 357 N.J. Super. 68, 71 (N.J. Sup. Ct. App. Div. 2003), *cert. denied*, 176 N.J. 429 (2003) and argues that if his "responses are late or inadequate, it is because [he] do[es] not know what [he is] doing". *Id.* at 3.  Defendant Patisso maintains that he "meant no disrespect to the Court if...[his] pleading[s] were untimely and[/or] inadequate" and he asks the Court's "indulgence to allow [him] leave to find a legal aid organization to assist...in" his defense as Defendant Patisso "never wished to represent [himself]...[and did not]

7

seek out these lawsuits".[1]  *Id.*

The Court notes that Defendant Patisso filed a series of motions that preceded and were in response to Plaintiff's Motions (*see* dkt. entry nos. 127, 143, 154-155, 157 & 162), all of which were been denied by the Court in an Order entered on December 12, 2011 (*see* dkt. entry no. 164) with the exception of Defendant Patisso's request for leave to amend his Answer to include additional Affirmative Defenses (*see* dkt. entry no. 155).  Specifically, Defendant Patisso filed:

> (1) a motion to disqualify Howard Teichman from representing Plaintiff on August 8, 2011 (*see* dkt. entry no. 127);
>
> (2) a motion for reconsideration of the Court's previous denial of Defendant Patisso's application to vacate default Judgment entered against NFC on August 24, 2011 (*see* dkt. entry no. 143);
>
> (3) a motion to strike Plaintiff's motion to strike Defendant Patisso's Answer and impose sanctions due to Defendant Patisso's failure to provide initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on September 12, 2011 (*see* dkt. entry no. 154);
>
> (4) a letter motion seeking to correct Defendant Patisso's motion to strike, seeking procedural clarification related to Defendant's Patisso's motion to disqualify Howard Teichman and Plaintiff and Defendant Patisso's pending motions to strike, and seeking leave to amend Defendant Patisso's Answer to include additional Affirmative Defenses on September 16, 2011 (*see* dkt. entry no. 155);
>
> (5) a motion to strike Plaintiff's motion to strike Defendant Patisso's Answer and impose sanctions due to Defendant Patisso's failure to provide responses to Plaintiff's interrogatories and notice to produce documents and requesting an emergency referral to Chief Justice Rabner of the New Jersey Supreme Court for imposition of sanctions against Howard Teichman and Plaintiff on September 26, 2011 (*see* dkt. entry no. 157); and
>
> (6) a letter motion seeking to provide further support for Defendant

---

[1] Separately, Defendant Patisso filed an application for appointment of *pro bono* counsel (*see* dkt. entry no. 170) which was denied on January 31, 2012 (*see* dkt. entry no. 175).

Patisso's motions to disqualify Howard Teichman, for
reconsideration, and for an emergency referral to Chief Justice Rabner
of the New Jersey Supreme Court for imposition of sanctions against
Howard Teichman and Plaintiff on December 2, 2011 (*see* dkt. entry
no. 162).

With respect to Plaintiff's Motions, Defendant Patisso claims that Plaintiff "received 185

documents from [him] in compliance with Rule 26(a)" and that there is "no delay, stall tactic or

'maneuvering' to delay the [d]iscovery process". *See* Def.'s Br., dkt. entry no. 155 at 4. Defendant

Patisso maintains that he "wanted to work closely with Mr. Teichman to help him...sift through those

documents to identify which ones were appropriate for this case", but that this is "very difficult

because Mr. Teichman refuses to communicate with...[Defendant Patisso] unless...[Plaintiff]

authorizes it".[2] *Id*. Moreover, Defendant Patisso requests "[l]eave to amend [his] Answer...to

include the following Affirmative Defenses" without prejudice "to add[ing] other appropriate

[d]efenses": "[u]nconscionability [d]octrine" and "[s]pider in the [w]eb [d]octrine". *Id*. Although

contending that "Plaintiff...and Plaintiff's attorney...will...not be prejudiced", Defendant Patisso

provides no additional factual or legal support for his request. *Id*. at 4-5. Oppositely, Plaintiff argues

that although "there is currently no deadline in force for amending pleadings in this case, the fact that

Plaintiff has filed two Motions to [s]trike Defendant [Patisso's] Answer would suggest that the issue

of amendments should not be considered at this time" given that "any affirmative defenses may well

become moot". *See* Pl.'s Opp'n Br., dkt. entry no. 159 at 4-5. Citing *Foman v. Davis*, 371 U.S. 178,

182-83 (1962), Plaintiff maintains that because "the pending Motions to strike...could render any

---

[2]An Order was entered on August 26, 2011 eliminating the parties' obligation to meet and confer pursuant
to L. Civ. R. 37.1(a)(1) and L. Civ. R. 16.1(f) and directing the parties to immediately bring any discovery dispute to
the Court's attention. *See* dkt. entry nos. 130 & 146. The same Order also required all communications related to
this matter by/between the parties and/or their counsel and/or with Chambers be in writing with a copy forwarded to
the opposing party/counsel at the same time and in the same manner. *See* dkt. entry no. 146.

amendment futile", and because "there is no indication that either [proposed affirmative defense] would actually be a defense to the causes of action in this case, ...Defendant Patisso's application for leave to amend should be denied". *Id*. at 5.

## III.    ANALYSIS

Pursuant to Fᴇᴅ. R. Cɪᴠ. P. 16(f),

> (1) In General.  On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its attorney:
>> (A) fails to appear at a scheduling or other pretrial conference;
>> (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or
>> (C) fails to obey a scheduling or other pretrial order.
> (2) Imposing Fees and Costs.  Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Pursuant to Fᴇᴅ. R. Cɪᴠ. P. 26,

> (a) Required Disclosures.
>> (1) Initial Disclosure.
>>> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>>>> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>>>> (ii) a copy--or a description by category and location--of all documents, electrically stored information, and tangible things that the disclosing party has in its possession, custody,

or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

...

(C) Time for Initial Disclosures--In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(D) Time for Initial Disclosures--For Parties Served or Joined Later. A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

(E) Basis for Initial Disclosure; Unacceptable Excuses. A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Pursuant to FED. R. CIV. P. 37(b)(2)(A),

> If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>> (iii) striking pleadings in whole or in part;
>>> (iv) staying further proceedings until the order is obeyed;
>>> (v) dismissing the action or proceeding in whole or in part;
>>> (vi) rendering a default judgment against the disobedient party; or
>>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Likewise, FED. R. CIV. P. 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>> (B) may inform the jury of the party's failure; and
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(d)(1)(A)(ii) authorizes the imposition of sanction if:

> a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers,

12

objections, or written response.

"Rule 37...authorizes the Court to sanction a party for discovery abuses", as the "rule's purposes are to: (1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure". *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 99 (D.N.J. 2006); *see also Nat'l Hockey League*, 427 U.S. at 643; *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985). "In addition to Rule 37 powers, a district court's inherent powers include an investigation of whether a fraud has been committed upon the court and the power to dismiss a suit outright in response to litigation abuses". *Id*. at 100; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991); *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 n.10 (3d Cir. 1995); *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 566 (3d Cir. 1985). "A court also has the power to assess attorney's fees when it finds that a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons, a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order, or a fraud has been practiced upon it, or that the very temple of justice has been defiled". *Id*.; *see also Chambers*, 501 U.S. at 45-46; *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975); *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946); *Hutto v. Finney*, 437 U.S. 678, 689 (1978). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion...a primary aspect of which is the ability to fashion an appropriate sanction for conduct which abuses the judicial process". *Id*.; *see also Chambers*, 501 U.S. at 44-45.

"In the Third Circuit, a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction

13

is tailored to address the harm identified". *Id*.; *see also Republic of Philippines*, 43 F.3d at 74. "The Court of Appeals instructs district courts to be guided in their application of their inherent powers by the same considerations that guide them in the imposition of sanctions under the Federal Rules: first a court considers the conduct at issue and explains why the conduct warrants sanctioning, and second it considers the range of permissible sanctions and explains why less severe alternatives to the sanction imposed are inadequate or inappropriate". *Id*. "The Third Circuit has advised that a pattern of wrongdoing may require a stiffer sanction than an isolated incident and that a grave wrongdoing may compel a more severe sanction than might a minor infraction". *Id*. "Further, wrongdoing that actually prejudices the wrongdoer's opponent or hinders the administration of justice may demand a stronger response than wrongdoing that fails to achieve its untoward object". *Id*. at 100-101.

"When...a court is asked to sanction a party by depriving the party of the right to proceed with or defend against a claim, the court applies the analysis established in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984)". *Id*. at 101; *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992). "Under *Poulis*, a court considers":

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

*Id*.; *see also Poulis*, 747 F.2d at 868. However, "[n]ot all six factors are necessary for the entry of

default".  *Id*.; *see also Hoxworth*, 980 F.2d at 919.  "*Poulis* requires the District Court only to balance the six factors and does not set one factor forth as determinative".  *First Franklin Fin. Corp. v. Rainbow Mortg. Corp.*, 2010 U.S. Dist. LEXIS 131766, at *21 (D.N.J. 2010); *see also Chiarulli v. Taylor*, 2010 U.S. Dist. LEXIS 32618 (D.N.J. 2010).  "*Poulis* does not provide a magic formula in which the decision to enter sanctions becomes a mechanical calculation".  *First Franklin*, 2010 U.S. Dist. LEXIS 131766, at *21; *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Nat'l Hockey League*, 427 U.S. at 643.  In the Third Circuit, "[e]ntry of default is generally disfavored" and there is a "strong preference that cases be decided on the merits".  *Ruhle v. Hous. Auth. of City of Pittsburgh*, 54 Fed. Appx. 61, 62 n.1 (3d Cir. 2002); *see also Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976); *Wachtel*, 239 F.R.D. at 101; *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984).  "Default is an extreme sanction that must be reserved for instances in which it is justly merited".  *Wachtel*, 239 F.R.D. at 101; *see also Poulis*, 747 F.2d at 867-68, 869-70; *Harris v. City of Philadelphia*, 47 F.3d 1311, 1331 (3d Cir. 1995).

Pursuant to Fed. R. Civ. P. 41(b),

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

"A district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order" but "must first consider the six '*Poulis* factors' before so dismissing the action".  *Lynn v. Tucci*, 379 Fed. Appx. 124, 125 (3d Cir. 2010); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161

15

(3d Cir. 2003); *Poulis*, 747 F.2d at 868 (3d Cir. 1984); *Hoxworth*, 980 F.2d at 919 (3d Cir. 1992);

*Comdyne*, 908 F.2d at 1148; *First Franklin*, 2010 U.S. Dist. LEXIS 131766, at *21.  "A *sua sponte*

dismissal under Rule 41(b) is considered extreme and must be a sanction of last, not first, resort"

such that "only in rare circumstances...demonstrating contumacious conduct...may a district court

dispense with the *Poulis* factors altogether".  *Lynn*, 379 Fed. Appx. at 125; *see also Poulis*, 747 F.2d

at 867-69; *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990); *Spain v. Gallegos*, 26 F.3d 439, 454-

55 (3d Cir. 1994).

      In addition, the Court notes that it "should freely give leave [to amend] when justice so

requires" (FED. R. CIV. P. 15(a)(2); *see also Bjorgung v. Whitetail Resort, LP,* 550 F.3d 263, 266 (3d

Cir. 2008)) and that the decision to grant a motion to amend a pleading rests in the sound discretion

of the district court (*Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1970); *see*

*also Morton International, Inc. v. A.E. Staley Manuf. Co.*, 106 F. Supp. 2d 737, 744 (D.N.J. 2000)).

The Court "has discretion to deny the request only if the [movant's] delay in seeking to amend is

undue, motivated by bad faith, or prejudicial to the opposing party".  *Adams v. Gould,* 739 F.2d 858,

864 (3d Cir. 1984); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc*., 434

F.3d 196, 204 (3d Cir. 2006); *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005).  Delay

becomes "undue", and thereby creates grounds for the district court to refuse to grant leave, when

it places an unwarranted burden on the Court, when the movant has had previous opportunities to

amend, or when it becomes prejudicial to the opposing party.  *See Adams*, 739 F.2d at 868; *see also*

*Cureton v. NCAA*, 252 F.3d 267, 273 (2001).  "[T]he Third Circuit has consistently recognized that

'prejudice to the non-moving party is the touchstone for the denial of an amendment'".  *Schindler*

*Elevator Corp. v. Otis Elevator Co.*, 2009 U.S. Dist. LEXIS 40994, at *9 (D.N.J. 2009); *see also*

*Arthur*, 434 F.3d at 204 (*quoting Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  A trial court may also deny leave to amend where "an amendment would be futile when the '[pleading], as amended, would fail to state a claim upon which relief could be granted'" (*In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002)(*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)) based upon whether the movant has pled "enough facts to state a claim to relief that is plausible on its face" (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[I]n determining the futility of an amendment, the Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)" and "accept[s] as true all factual allegations contained in the proposed amended [pleading] and any reasonable inferences that can be drawn from them".  *Walls v. County of Camden*, 2008 WL 4934052, at *2 (D.N.J. 2008); *see also Medpointe Healthcare, Inc. v. Hi-Tech Pharm. Co., Inc*., 380 F. Supp. 2d 457, 462 (D.N.J. 2005); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Brown v. Phillip Morris, Inc*., 250 F.3d 789, 796 (3d Cir. 2001).  "[I]f the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend", but where the "proposed amendment is not clearly futile, then denial of leave to amend is improper".  *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468-49 (D.N.J. 1990).

Here, based upon the facts set forth above, the Court finds that *Poulis* factors one through five weigh in favor of Plaintiff.  As a *pro se* litigant, Defendant Patisso is responsible for the defense of his case, complying with discovery obligations as set forth in the Federal Rules of Civil Procedure, and complying with Court Orders.  In this case, Defendant Patisso has been afforded multiple opportunities to fulfill his responsibilities but has failed to do so.  Despite multiple Court Orders, extensions of the deadlines for compliance, multiple warnings by the Court regarding

Defendant Patisso's duty to comply with the Rules, and multiple communications from Plaintiff's counsel in a variety of mediums informing Defendant Patisso of his discovery obligations, to date there has been no demonstration that Defendant Patisso has complied with the disclosure requirements of FED. R. CIV. P. 26(a)(1)(A). Rather, Plaintiff's counsel represents that Defendant Patisso "has not served...[these] disclosures". *See* Pl.'s Letter dated December 20, 2011 at 2-3. Further, to date there has been no demonstration that Defendant Patisso has provided answers to the interrogatories served by Plaintiff (*see* FED. R. CIV. P. 33) or has adequately responded to Plaintiff's notice to produce (*see* FED. R. CIV. P. 34). Rather, Plaintiff's counsel represents that Defendant Patisso's production falls "far short of a complete response" to Plaintiff's notice to produce as it fails to include, among other things, "all statements regarding...Plaintiff that have ever been sent to any person, published or posted on the internet by any [d]efendant", "all documents identifying how, when and...[to] whom or in what location each statement regarding Plaintiff was published or posted", "a list of persons to whom...[Defendant Patisso] sent any statements or comments regarding Plaintiff", or "copies of all documents that justify any defendant's statement regarding...Plaintiff". *Id*. at 2-3; *see also* Pl.'s Br., dkt. entry no. 156-1 at 4-5; Pl.'s Br., dkt. entry no. 156-3 at Ex. D. "has not served...[these] disclosures". *See* Pl.'s Letter dated December 20, 2011 at 2-3.

    Although Defendant Patisso claims that he has no legal training and has been overwhelmed with respect to defending this case and the EDNY Action, the Court finds that Defendant Patisso's filings in this matter demonstrate that – at the very least – he has a sufficient understanding of his affirmative discovery obligations such that he cannot rely on an excusable neglect defense. The Court finds that responsibility for these failures falls squarely upon Defendant Patisso. Due to Defendant Patisso's failures, Plaintiff has been and continues to be prejudiced because his "ability

18

to prepare effectively a full and complete trial strategy is impeded". *First Franklin*, 2010 U.S. Dist. LEXIS 131766, at *15; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Hoxworth*, 980 F.2d at 920; *Cotapaxi Mfg. v. Pacific Design & Mfg., Inc.*, 2009 U.S. Dist. LEXIS 22169 (D.N.J. 2009); *Ramada Worldwide Inc. v. NPR Hospitality Inc.*, 2008 U.S. Dist. LEXIS 3261, at *9 (D.N.J. 2008). Similarly, given the Court's Orders and communications with Defendant Patisso regarding his responsibilities with respect to discovery responses, Defendant Patisso's "extensive or repeated delay[s] or delinquency constitutes a history of dilatoriness" (*First Franklin*, 2010 U.S. Dist. LEXIS 131766, at *16; *see also Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) and "is not the result of negligence, but rather constitutes a willful failure to participate in this litigation" (*First Franklin*, 2010 U.S. Dist. LEXIS 131766, at *17-18; *see also Ramada*, 2008 U.S. Dist. LEXIS 3261 at *10)). Finally, given Defendant Patisso's failure to comply with his discovery obligations despite the Court's Orders and communications, the Court concludes that alternative sanctions would not likely prompt an appropriate or adequate response from Defendant Patisso. *Franklin*, 2010 U.S. Dist. LEXIS 131766, at *18-19; *see also Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., LLC*, 2008 U.S. Dist. LEXIS 28777 (E.D. Pa. 2008); *Jackson Hewitt, Inc. v. Adams*, 2006 WL 1457989, at *3 (D.N.J. 2006). With respect to the sixth *Poulis* factor, the Court makes no finding as to the merit of Plaintiff's claims or Defendant Patisso' defenses.

Under the circumstances, the Court finds that striking Defendant Patisso's Answer and Affirmative Defenses pursuant to FED. R. CIV. P. 16(f) and FED. R. CIV. P. 37(b)(2)(A)(iii) such that the Clerk of the Court enters default against Defendant Patisso is the appropriate sanction for his failure to comply with Court Orders and applicable Federal and Local Civil Rules with respect to

19

discovery.  In the interest of efficiency, the Court finds that Plaintiff's request for attorneys' fees and costs should be subsumed within a comprehensive application for default Judgment that may be filed on Plaintiff's behalf.  Based upon this finding, and Defendant Patisso's failure to provide any factual or legal support for his request to amend his Answer to include additional Affirmative Defenses, Defendant Patisso's application for leave to file an Amended Answer is denied as both futile and moot.

## IV.   CONCLUSION AND ORDER

The Court having considered the papers submitted and the opposition thereto, and for the reasons set forth above;

**IT IS** on this 27th day of January, 2012,

**ORDERED** that Plaintiff's Motions to strike Defendant Patisso's Answer and Affirmative Defenses [dkt. entry. no. 147 & 156] are **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall enter default against Defendant Patisso; and it is further

**ORDERED** that Plaintiff is granted leave to move for entry of Judgment by Default – including a comprehensive application for attorneys' fees and costs – by **February 10, 2012**; and it is further

**ORDERED** that Defendant Patisso's request for leave to amend his Answer to include certain additional Affirmative Defenses [dkt. entry no. 155] is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve this Memorandum Opinion and Order on Defendant Patisso via CM/ECF, Certified and Regular Mail.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**