## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE BALDINGER,<br><br>            Plaintiff,<br><br>v.<br><br>ANTONIO FERRI, et al.<br><br>            Defendants. | Civil Action No.:   10-3122 (PGS)<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on Defendant's motion to reconsider the denial of his prior motion to vacate the injunction. (ECF No. 303).

    Defendant alleges that in deciding the prior motion, the Court did not set forth any reasons for the denial. That is incorrect.  The Court noted that the injunction against limited activities of defendant, as well as the damage award, were appealed to and affirmed by the Third Circuit. As such, the Court found no reason to reopen the matter.

    In the present motion to reconsider, defendant argues that in a similar matter between the same parties, the Court of Appeals for the Second Circuit declined to impose an injunction against defendant.   Defendant further argues that the Third Circuit did not rule on the injunction because the injunction was not raised on appeal; hence this Court should consider the issue.

    Generally, the "extraordinary remedy" of reconsideration is "to be granted sparingly."  *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)).  Although Mr. Patisso cites to a Second Circuit case, the Court does not know the facts of that case, nor the prudence of applying the Second

Circuit decision to trump the decision of the Third Circuit in this case. Moreover, the Court sees no reason to intervene when the defendant failed to raise the injunction issue on appeal.

The Defendant asserts that the injunction impedes' defendant's ability to communicate with Plaintiff in conjunction with litigation. This is incorrect; the Court had previously amended the injunction to allow communications between the parties on matters concerning litigation. Generally, the Court may vacate an injunction if reasonable circumstances or facts arise. Here, there are no such circumstances presented. As such, the motion is denied.

## ORDER

IT IS on this 18th day of February, 2014

ORDERED that the motion for reconsideration (ECF No. 303) is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.