UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE BALDINGER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANTONIO FERRI, et al.<br><br>　　　　　Defendants. | Civil Action No.:   10-3122 (PGS)<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the Court on pro se Defendant Matteo Patisso's ("Patisso") motion to dismiss the complaint, which upon reading is more appropriately a motion to vacate a prior judgment which is brought pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 307), and Plaintiff's cross-motion to enforce litigants rights. (ECF No. 310).  The Court notes that Patisso's application comes after a judgment was entered, an appeal to the Third Circuit has been completed, and the case is presently listed as closed.

I.

　　　Patisso argues that the judgment entered against him is barred due to claim preclusion. That is, the issues before this Court were previously litigated in a case captioned *Ferri v. Berkowitz,* United States District Court, Eastern District of New York, Civil Action No. 09-812.   More particularly, Patisso argues that the Eastern District of New York denied an injunction on the same issues and facts, and therefore Plaintiff's case should have been precluded; and that the Court erred when granting relief to the Plaintiff.

　　　The doctrine of *res judicata* bars claims that were brought in a previous action.  It protects litigants from the burden of relitigating an identical issue with the same party or his privity and promotes judicial economy by preventing needless litigation.  Both New Jersey' and federal law apply *res*

*judicata*, or claim preclusion, when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Nevada v. United States*, 463 U.S. 110, 129-130 (1983) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L. Ed. 195 (1877)). In addition, the doctrine of *res judicata* bars claims that might have been offered at trial. *Mawhinney v. Bennett*, 2010 U.S. Dist. LEXIS 1715(D.N.J. Jan. 11, 2010); see also *Corestates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

Here, the Court finds that Patisso's argument lacks merit because the issues and parties in the two cases are different. For example, in the Eastern District of New York case, Plaintiff was Antonio Ferri and Defendants were Adrienne Berkowitz, Sherri Berkowitz, Edward Fortin, Edwin Greico, Edward Wilson and Robert Harris and JMB Group who were represented by Bruce Baldinger, Esq. This case is quite different because Bruce Baldinger is Plaintiff representing his own interests and not the interests of his clients[1].

II.

Patisso also seeks that I recuse myself from case, and exclude Michael Nolan's testimony. Both of these issues were previously decided by me and appealed and dismissed by the Third Circuit. As such, there is no reason to reopen them.   Patisso's request is denied.

III.                                                              II.

Plaintiff brings a cross-motion to enforce litigants rights for the following:

> all financial and personal documents, data and information regarding the Plaintiff, any of Plaintiff's family members, Plaintiff's law firm or any person associated therewith. The materials to be turned over shall include both originals and copies of any such documents, data and information, and shall include both documents printed on paper and documents or data stored digitally or in any electronic format or manner. Defendant shall simultaneously submit to Plaintiff and the Court a sworn affidavit disclosing how and from whom he obtained all such documents, data, information and any other material. (Subsection 3(c)).

---

1   This issues has been previously addressed by the Court. (See ECF Nos. 163 and 174).

Defendant Patisso did not submit any opposition thereto, and the motion is granted.

ORDER

IT IS on this 3rd day of November, 2014;

ORDERED that Defendant Matteo Patisso's motion to dismiss the complaint (ECF No. 307) is denied; and it is further

ORDERED that Plaintiff's cross-motion to enforce litigants rights. (ECF No. 310) is granted; and it is further

ORDERED THAT Defendant Matteo Patisso shall fully comply with Subsection 3(C) of this Court's Judgment of July 10, 2012, and shall within ten (10) days of the date hereof, provide to Plaintiff's counsel all documents, personal financial information and otherwise as is set forth more fully in the aforesaid Judgment; and it is further;

ORDERED that Patisso must submit a request, and obtain the Court's approval, prior to filing any new motions or applications to the Court.

_____
PETER G. SHERIDAN, U.S.D.J.